KEYSPAN GAS EAST CORPORATION, Doing Business as KEYSPAN ENERGY DELIVERY LONG ISLAND, Respondent, v SUPERVI-

SOR OF TOWN OF NORTH HEMPSTEAD et al., Defendants/Third-Party Plaintiffs-Appellants-Respondents. COUNTY OF NASSAU et al., Third-Party Defendants-Respondents-Appellants. [982 NYS2d 342]—In six related actions, inter alia, for judgments declaring that the imposition of special ad valorem taxes for garbage and refuse collection services against certain "mass" property owned by the plaintiff is illegal and void, the defendants/third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated October 22, 2012, as denied their application, in effect, to search the record and award summary judgment in their favor declaring that the third-party defendants are required to indemnify them for refunds they are obligated to pay to the plaintiff with respect to certain special ad valorem levies, and failed to enjoin the third-party defendants from imposing the subject special ad valorem levies upon the plaintiff's property in future tax years, and the third-party defendants cross-appeal from so much of the same order as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaints.

Ordered that the appeal by the defendants/third-party plaintiffs from so much of the order as denied their application, in effect, to search the record and award them summary judgment and failed to issue an injunction against the defendants is dismissed, as no appeal as of right lies from an order which does not determine a motion made on notice (see CPLR 5701 [a] [2]), and leave to appeal has not been granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Keyspan Gas East Corporation, doing business as Keyspan Energy Delivery Long Island (hereinafter Keyspan), commenced six actions against, among others, the Supervisor of the Town of North Hempstead, the Town of North Hempstead, and various special districts within the Town of North Hempstead (hereinafter collectively the Town defendants), seeking refunds of tax payments made in connection with certain special ad valorem taxes for garbage and refuse collection services. In each action, the Town defendants commenced a third-party action against the County of Nassau, the Nassau County Board of Assessors, and other County agencies (hereinafter collectively the County entities), claiming that, pursuant to former Nassau County Administrative Code § 6-26.0 (b) (3) (c), popularly known as "the County Guaranty," they were entitled to indemnification by the County for any sums which they were liable to pay

Keyspan for refunds with respect to the challenged special ad valorem taxes. The County entities moved to dismiss the third-party complaints pursuant to CPLR 3211 (a) (7), and the Supreme Court denied the motion.

Contrary to the contention of the County entities, this Court has determined that special ad valorem taxes fall within the scope of the County Guaranty (*see Keyspan Generation, LLC v Nassau County*, 115 AD3d 812 [2014] [decided herewith]; *New York Tel. Co. v Supervisor of Town of N. Hempstead*, 77 AD3d 121, 122, 131-132 [2010]). Therefore, the Town defendants have stated a cognizable cause of action for indemnification pursuant to the County Guaranty, and the Supreme Court properly denied the motion to dismiss the third-party complaints. Mastro, J.P., Dillon, Leventhal and Duffy, JJ., concur.